IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN D. and MICHAEL A-B., individually and as plenary co-guardians of the person of AAB, a disabled person, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO; CITY OF CHICAGO; ILLINOIS CENTRAL SCHOOL BUS, LLC; SHERA BRAGG; JORDAN BROWN; KINISHA BOON; SHAVONA McGREGOR; HERIBERTO ARZATE (Star No. 8164); EZEQUIEL BAHENA (Star No. 14543); JACK HIGHTOWER (Star No. 11003); JEANNE MENDEZ (Star No. 10563); BRIAN GUNNELL (Star No. 2020); and ASA PETERSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge  **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs KAREN D. and MICHAEL A-B, individually and as plenary co-guardians of the person of Plaintiff AAB, a disabled person (collectively, "Plaintiffs"), by and through their legal counsel, bring this action against Defendants BOARD OF EDUCATION OF THE CITY OF CHICAGO ("Board"); CITY OF CHICAGO; ILLINOIS CENTRAL SCHOOL BUS, LLC ("Illinois Central"); SHERA BRAGG; JORDAN BROWN; KINISHA BOON; SHAVONA McGREGOR; HERIBERTO ARZATE (Star No. 8164); EZEQUIEL BAHENA (Star No. 14543); JACK HIGHTOWER (Star No. 11003); JEANNE MENDEZ (Star No. 10563); BRIAN GUNNELL (Star No. 2020); and ASA PETERSON (Star No. Unknown), and state as follows:

1

## INTRODUCTION

1.      At relevant times, Plaintiff AAB was a 17-year-old developmentally-disabled, non-verbal autistic minor who was among the most vulnerable children in the State of Illinois. As a result of his disability, and pursuant to federal law, from the time he was 4-years-old through the dates at issue in this Complaint, Plaintiff AAB attended Helping Hand Therapeutic Day School ("Helping Hand School") at the direction and expense of Defendant Board. In connection with his attendance at Helping Hand School, and pursuant to federal law, Defendant Board was responsible for transporting AAB to and from Helping Hand School and did so through its agent, Defendant Illinois Central, who was cloaked with apparent authority to act on the Board's behalf.

2.      While being transported to school between November 30, 2022 and December 19, 2022, among other times, Plaintiff AAB was subjected to physical and emotional abuse by Defendants Board and Illinois Central, acting through their employees and agents. This abuse culminated in the employees and agents of Defendants Board and Illinois Central conspiring with each other and with police officers of Defendant City of Chicago to: (a) unlawfully seize and detain Plaintiff AAB without probable cause through the use of handcuffs, among other methods; and (b) force him to be transported to a hospital against his will for a needless and non-existent "psychiatric emergency." At all times, Defendants knew, and any reasonable person would have known, that Plaintiff AAB did not pose a danger to himself or to others and did not require handcuffs, police detention or a psychiatric evaluation. Rather, Plaintiff AAB was merely a helpless and scared disabled child who needed transportation to school.

3.      In an attempt to cover up their unlawful conduct, Defendants Board and Illinois Central, acting through their employees and agents, among other things, provided false information to police officers of Defendant City of Chicago, which information the officers knew to be false.

Nevertheless, the police officers used the information they knew to be false as a pretext for Plaintiff AAB's unlawful detention.

4. In a further attempt to cover up their unlawful conduct, in connection with an investigation into the events leading to Plaintiff AAB's unlawful seizure and detention, Defendants Board and Illinois Central, acting through their employees and agents, provided false information to the investigator.

5. Plaintiffs file this Complaint seeking justice for the wrongs Defendants inflicted upon Plaintiff AAB with impunity and the resulting injuries caused to Plaintiffs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, as Plaintiffs assert claims under federal law, and the state law claims arise out of the same facts as the federal claims.

7. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to this Complaint occurred in this judicial district.

## THE PARTIES

8. Plaintiff AAB is a disabled person, namely, he has autism and is non-verbal. At relevant times, AAB was a 17-year-old minor, residing in the Northern District of Illinois.

9. Plaintiff Karen D. is AAB's mother and a plenary co-guardian of the person of Plaintiff AAB. Karen D. resides in the Northern District of Illinois.

10. Plaintiff Michael A-B. is AAB's father and a plenary co-guardian of the person of Plaintiff AAB. Michael A-B. resides in the Northern District of Illinois.

11.     Defendant Board of Education of the City of Chicago is a body politic and corporate organized under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois. Defendant Board is and/or was the employer of Defendant Shavona McGregor.

12.     Defendant City of Chicago is an Illinois municipal corporation and is and/or was the employer of the individual Defendants described in paragraphs 19 through 24, below. Defendant City of Chicago is responsible for the policies and practices of the Chicago Police Department.

13.     Defendant Illinois Central School Bus, LLC is an Illinois limited liability company, with its principal place of business located in Joliet, Illinois. Defendant Illinois Central is and/or was the employer of the individual Defendants described in paragraphs 14 through 16, below. As alleged in more detail below, at relevant times, Defendant Illinois Central was the agent of Defendant Board, cloaked with apparent authority to act on behalf of Defendant Board.

14.     At relevant times, Defendant Shera Bragg was employed by Defendant Illinois Central as a bus aide and was an agent of Defendant Board cloaked with apparent authority to act on behalf of Defendant Board. At relevant times, Defendant Bragg was acting under color of law and within the scope of her employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Bragg in her individual capacity.

15.     At relevant times, Defendant Jordan Brown was employed by Defendant Illinois Central as a bus driver and was an agent of Defendant Board cloaked with apparent authority to act on behalf of Defendant Board. At relevant times, Defendant Brown was acting under color of law and within the scope of his employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Brown in his individual capacity.

4

16. At relevant times, Defendant Kinisha Boon was employed by Defendant Illinois Central as a bus aide and was an agent of Defendant Board cloaked with apparent authority to act on behalf of Defendant Board. At relevant times, Defendant Boon was acting under color of law and within the scope of her employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Boon in her individual capacity.

17. The individual Defendants described in paragraphs 14 through 16 of this Complaint are collectively referred to as the "Illinois Central Individual Defendants"

18. At relevant times, Defendant Shavona McGregor was employed by Defendant Board as the Board's Bus Vendor Manager and was acting under color of law and within the scope of her employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant McGregor in her individual capacity.

19. At relevant times, Defendant Heriberto Arzate was a Chicago Police Department police officer or was otherwise employed by Defendant City of Chicago and was acting under color of law and within the scope of his employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Arzate in his individual capacity.

20. At relevant times, Defendant Ezequiel Bahena was a Chicago Police Department police officer or was otherwise employed by Defendant City of Chicago and was acting under color of law and within the scope of his employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Bahena in his individual capacity.

21. At relevant times, Defendant Jack Hightower was a Chicago Police Department police officer or was otherwise employed by Defendant City of Chicago and was acting under color of law and within the scope of his employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Hightower in his individual capacity.

22. At relevant times, Defendant Jeanne Mendez was a Chicago Police Department police officer or was otherwise employed by Defendant City of Chicago and was acting under color of law and within the scope of her employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Mendez in her individual capacity.

23. At relevant times, Defendant Brian Gunnell was a Chicago Police Department police officer or was otherwise employed by Defendant City of Chicago and was acting under color of law and within the scope of his employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Gunnell in his individual capacity.

24. On information and belief, at relevant times, Defendant Asa Peterson was a Chicago Police Department police officer or was otherwise employed by Defendant City of Chicago and was acting under color of law and within the scope of his employment in connection with the events at issue in this Complaint. Plaintiffs bring suit against Defendant Peterson in his individual capacity.

25. The individual Defendants described in paragraphs 19 through 24 of this Complaint are collectively referred to as the "Defendant Officers."

26. Defendants McGregor and the Illinois Central Individual Defendants are collectively referred to as the "Transportation Defendants."

27. All individual Defendants are collectively referred to as the "Individual Defendants."

## FACTUAL ALLEGATIONS

### *Federal Laws Protecting Disabled Persons*

28. The federal government has implemented various laws aimed at protecting individuals with disabilities.

29.     Among other things, federal law mandates ongoing involvement and oversight by governmental entities that contract with private entities to carry out governmental obligations owed to disabled persons. Thus, a governmental entity may not avoid its obligations to disabled persons under federal law by contracting the obligation out to a private entity.

30.     The Illinois State Board of Education has recognized the requirement under federal law that Illinois schools provide transportation services to students with disabilities.[1]

**State Action of Defendant Illinois Central**

31.     In connection with its federal obligations to provide transportation services to students with disabilities, at relevant times, Defendant Board used its agent, Defendant Illinois Central, to provide those services.

32.     On information and belief, by using its agent, Defendant Illinois Central, to provide transportation services to students with disabilities, Defendant Board relieved itself of the financial obligations of: (a) purchasing, maintaining and fueling a fleet of buses specially-equipped for students with disabilities; and (b) directly employing and training personnel to operate and work on the buses. Moreover, to the extent Defendant Illinois Central was able to keep its costs down through its hiring decisions (*e.g.*, hiring incompetent and unqualified staff), on information and belief, that benefitted Defendant Board by allowing Defendant Illinois Central to offer its services to Defendant Board at a lower cost.

33.     At relevant times, Defendant Board knew and understood that it had a non-delegable duty to provide transportation services to disabled students attending schools it owned, operated and controlled and/or alternative schools to which it sent students with disabilities. As

---

[1] *See* Illinois State Board of Education, *Transportation for Students with Disabilities and Special Health Care Needs*, https://www.isbe.net/Documents/special_needs_transport.pdf (last accessed on Nov. 23, 2024).

such, Defendant Board had the exclusive prerogative of providing appropriate transportation services to disabled students in connection with transporting them to and from school.

34.     Defendant Board further knew and understood that federal statutory law mandated its ongoing involvement with respect to transportation services provided to disabled students, as well as its ongoing oversight of Defendant Illinois Central.

35.     Based on the above allegations, Defendant Illinois Central performed a function that traditionally and legally was the exclusive prerogative of Defendant Board.

36.     Moreover, based on the above allegations, Defendant Illinois Central and Defendant Board were in a symbiotic relationship wherein Defendant Board benefitted from Defendant Illinois Central keeping its costs down, such as by hiring incompetent and unqualified staff. The symbiotic relationship led to the constitutional violations alleged herein.

37.     Further, based on the above allegations, there was a sufficiently close nexus between Defendant Illinois Central and Defendant Board, given that Defendant Board was responsible for Defendant Illinois Central's compliance with federal statutory requirements, for Illinois Central to be deemed a state actor.

38.     Thus, at relevant times, Defendant Illinois Central acted under color of law when providing transportation services to disabled students who attended schools owned, operated and controlled by Defendant Board and/or who attended alternative schools to which Defendant Board sent students with disabilities.

***Plaintiff AAB***

39.     At relevant times, Plaintiff AAB was a non-verbal, autistic 17-year-old minor who could understand and comprehend the English language.

40.     While non-verbal, Plaintiff AAB was able to communicate through hand gestures.

41.     Since age four, Plaintiff AAB attended Helping Hand School, an alternative school to which Defendant Board sent Plaintiff AAB. Attending school was part of Plaintiff AAB's routine and helped keep him regulated.

42.     During 2022, among other times, Defendant Board transported Plaintiff AAB to and from Helping Hand School through its agent, Defendant Illinois Central.

***The Agency Relationship Between Defendants Board and Illinois Central***

43.     At relevant times, Defendant Illinois Central was the agent of Defendant Board, cloaked with the apparent authority to act on Defendant Board's behalf.

44.     The following facts, among others, evidence the agency relationship between Defendant Board and Defendant Illinois Central:

        a.      Defendant Board represented to Plaintiffs Karen D. and Michael A-B. on repeated occasions that Plaintiff AAB's bus services would be provided by Defendant Board, even though Defendant Board provided the services through Defendant Illinois Central.

        b.      Defendant Board repeatedly informed Plaintiffs Karen D. and Michael A-B. to contact Defendant Board's Student Transportation Department via a specified telephone number to report issues regarding Plaintiff AAB's bus services.

        c.      When Defendant Illinois Central provided information to Plaintiffs Karen D. and Michael A-B. regarding Plaintiff AAB's bus services, Defendant Illinois Central directed Plaintiffs Karen D. And Michael A-B. to contact Defendant Board's Student Transportation Department for further information.

        d.      When issues arose with respect to Plaintiff AAB's bus services, Plaintiffs Karen D. and Michael A-B. communicated via email, among other ways, with various employee

of Defendant Board – including, but not limited to, Defendant McGregor – whose email address had the domain name "cps.edu" – the domain name associated with Defendant Board.

      e.    After it was determined that allegations of physical abuse committed by Defendant Bragg against Plaintiff AAB were substantiated, Defendant Board informed Plaintiff Karen D. that: (a) the case would be assigned to Defendant Board's Employee Discipline and Labor Unit, Law Department; and (b) the Board would determine if and what level of discipline was appropriate for Defendant Bragg.

      f.    Defendant Board had the right to control, and did control, whether Plaintiff AAB's bus delivered Plaintiff AAB to school on a given day or, instead, turned around and drove Plaintiff AAB back home due to purported concerns with Plaintiff AAB's behavior.

45.    The above allegations demonstrate that Defendant Board had the right to control and did control the conduct of Defendant Illinois Central.

46.    At relevant times, Defendant Board cloaked Defendant Illinois Central with apparent authority – namely: (a) Defendant Board consented to or knowingly acquiesced in Defendant Illinois Central's exercise of authority; (b) based on the actions of Defendants Board and Illinois Central, Plaintiffs reasonably concluded that Defendant Illinois Central was the agent of Defendant Board; and (c) Plaintiffs justifiably relied on Defendant Illinois Central's apparent authority to their detriment.

47.    Defendant Board consented to or knowingly acquiesced in, *inter alia*, Defendant Illinois Central: (a) transporting Plaintiff AAB to and from school; and (b) hiring people to work on its buses, namely, bus drivers and aides.

48.    Based on the above-alleged facts, it was reasonable for Plaintiffs Karen D. and Michael A-B. to conclude that Defendant Illinois Central was the agent of Defendant Board.

49. As alleged further below, Plaintiffs justifiably relied on Defendant Illinois Central's apparent authority to their detriment as it resulted in the harms giving rise to this Complaint.

50. Defendant Board is vicariously liable for the misconduct of Defendant Illinois Central and the Illinois Central Individual Defendants, as alleged herein.

### *The Abuse of Plaintiff AAB*

51. Beginning no later than October 2022, Defendant Board, through its agent, Defendant Illinois Central, began requiring Plaintiff AAB to wear a full-torso harness that harnessed his body to the bus seat while being transported to and from school.

52. The harness had a strap that went between Plaintiff AAB's legs and attached to the front and back of the harness. The strap created pressure on Plaintiff AAB's genitals, causing Plaintiff AAB to experience pain and severe discomfort, especially when harnessed to the bus seat.

53. Both before and after November 30, 2022, Plaintiff Karen D. informed employees of Defendant Board, including Defendant McGregor, of the problems with the harness, including the pain and discomfort caused to Plaintiff AAB. Neither Defendant McGregor, nor anyone else at Defendant Boad, resolved the issue. Rather, Defendant Board forced Plaintiff AAB to continue to use the harness.

### *November 30, 2022*

54. On November 30, 2022, Plaintiff AAB boarded a school bus operated by Defendant Board through its agent, Defendant Illinois Central, for transportation to Helping Hand School. The bus driver that day was Defendant Brown. On information and belief, the bus aide was Defendant Boon.

55. After boarding the bus, Plaintiff AAB was harnessed to a seat via the harness.

56.     After being harnessed to the seat, Plaintiff AAB unbuckled the harness and calmly exited his seat.

57.     Shortly thereafter, Defendant Boon physically abused Plaintiff AAB, shoving Plaintiff AAB into a seat and then physically and aggressively holding him down. Defendant Boon's abuse was not intended to make Plaintiff AAB safe for transport and did not render him safe to transport.

58.     Plaintiff AAB was helpless to fend off Defendant Boon's abuse.

59.     Defendant Brown, the only other adult on the bus, did not intervene to stop the abuse.

60.     To cover up the abuse, neither Defendant Brown nor Defendant Boon prepared an incident report, as they were required to do.

***December 19, 2022***

61.     On December 19, 2022, Plaintiff AAB boarded a school bus operated by Defendant Board through its agent, Defendant Illinois Central, for transportation to Helping Hand School. The bus driver that day was Defendant Brown. The bus aide was Defendant Bragg.

62.     After boarding the bus, Plaintiff AAB was harnessed to a seat via the harness.

63.     During the ride, Plaintiff AAB unbuckled the harness and calmly exited his seat. In response, Defendant Brown contacted dispatch which, on information and belief, was staffed by Defendant McGregor. Defendant McGregor inexplicably directed Defendant Brown to return Plaintiff AAB home without first verifying that anyone would be home to take custody of Plaintiff AAB.

64.     Both before and after Plaintiff AAB unbuckled his harness, Defendant Brown made clear his disdain for Plaintiff AAB and Plaintiffs Karen D. and Michael A-B. through comments he made to Defendant Bragg in a voice loud enough for Plaintiff AAB to hear.

65.     For instance, in a voice loud enough to be heard by Plaintiff AAB, Defendant Brown told Defendant Bragg that Plaintiffs Karen D. and Michael A-B. could get in trouble for child neglect if they did not come to the door when the bus arrived back at Plaintiff AAB's home, even though no one had first checked to see if anyone would be available to take custody of Plaintiff AAB. For no apparent reason, Defendant Brown also hypothesized that Plaintiff Karen D. was probably getting "benefits."

66.     Moreover, Defendant Bragg stated that he and Defendant Illinois Central had been trying to get Plaintiff AAB kicked out of the transportation services, which services were provided by Defendant Board through its agent, Defendant Illinois Central.

67.     After arriving back at Plaintiff AAB's home, Defendant Brown continued to talk about the consequences of the situation in a voice loud enough for Plaintiff AAB to hear. Among other things, Defendant Brown stated that if Plaintiff Karen D. or Michael A-B. did not come out, emergency services would be called, and Karen D. and Michael A-B. would get in trouble. Defendant Brown even stated that he had been waiting for Plaintiffs Karen D. and Michael A-B. to get in trouble.

68.     Defendant Brown's comments caused Plaintiff AAB significant distress. Terrified about the potential consequences to his family – as expressed by Defendant Brown – Plaintiff AAB returned to his seat, struggling to refasten the harness. But no one helped him.

69.     When it was clear that no one was going to help him refasten the harness and drive him to school, Plaintiff AAB again left his seat and made a hand signal to Defendant Bragg seeking

help. But instead of helping Plaintiff AAB, Defendant Bragg resorted to physical abuse. Defendant Bragg slapped Plaintiff AAB's hands, while yelling at him to go sit down.

70.     Shortly thereafter, Defendant Brown referenced the police station and the Chicago Police Department and again stated that Plaintiffs Karen D. and Michael A-B. were going to get in trouble.

71.     In continued fear and distress, Plaintiff AAB approached the front of the bus, at which point Defendant Bragg again resorted to physical abuse – this time, by pushing him. Even after Defendant Brown told Defendant Bragg not to push Plaintiff AAB, she continued to push him.

72.     On information and belief, Defendant McGregor ultimately contacted the Chicago Police Department, resulting in the Defendant Officers arriving at the scene.

73.     Defendant Brown then falsely informed the Defendant Officers that Plaintiff AAB was being combative on the bus and was fighting with Defendant Bragg. Defendant Brown further falsely stated that Plaintiff AAB jumped off the bus and ran down the street barefooted.

74.     Based on their observations at the scene, Defendant Officers knew, and any reasonable officer would have known, the information provided by Defendant Brown was false. At the time the Defendant Officers arrived at the scene, Plaintiff AAB was on the bus (not running down the street barefoot) and in a calm state.

75.     Without probable cause to believe that Plaintiff AAB was a danger to himself or to others, and despite Plaintiff AAB being a helpless, non-verbal autistic child, the Defendant Officers unlawfully seized and detained Plaintiff AAB by handcuffing him. Plaintiff AAB did not pose a danger to himself or to others.

76.     Making matters worse, the Defendant Officers then used the false information provided by Defendant Brown – which information they knew to be false – to summon paramedics and an ambulance to the scene. The Defendant Officers falsely claimed there was a psychiatric emergency, whereas in fact, as the Defendant Officers knew, no such psychiatric emergency existed.

77.     Upon the paramedics' arrival, the Defendant Officers repeated the false information told to them by Defendant Brown, knowing the information to be false.

78.     Based on the false information provided by the Defendant Officers, the paramedics transported Plaintiff AAB against his will to Insight Hospital. At all times, Plaintiff AAB remained unlawfully seized and detained and in police custody, as at least one Defendant Officer rode in the ambulance with Plaintiff AAB and then remained with Plaintiff AAB at the hospital.

79.     The purported purpose for the hospital admission was agitation. However, the hospital determined that there were no signs of agitation, underscoring the lack of probable cause to seize and detain Plaintiff AAB in the first instance and the false grounds for the seizure and detention concocted by Defendant Brown and the Defendant Officers.

***The Attempted Cover-Up***

80.     After the above-described physical abuse and unlawful detention of Plaintiff AAB, Plaintiffs Karen D. and Michael A-B. requested that Defendant Board produce video footage from the bus for December 19, 2022, among other dates. In an attempt to conceal what had occurred on the bus, Defendant Board – through its law department and Cheena Burt (Director – Procedures & Standards for the Office of Diver Learner Support + Service) – initially refused to allow Plaintiffs Karen D. and Michael A-B. to view the footage.

81.     After the physical abuse and unlawful detention of Plaintiff AAB on December 19, 2022, Defendant Board's Office of Student Protections and Title IX ("OSP") conducted an investigation of the incident.

82.     In connection with that investigation, Defendants Brown and Bragg attempted to cover up their unlawful conduct. Specifically, during interviews, both Defendant Brown and Defendant Bragg falsely claimed that Defendant Bragg did not physically abuse Plaintiff AAB. For instance, Defendant Brown falsely stated that Defendant Bragg never put her hands on Plaintiff AAB. Similarly, Defendant Bragg falsely stated that she did not push Plaintiff AAB and that she did not make physical contact with him.

83.     OSP ultimately determined that the allegation of "Physical Abuse" against Plaintiff AAB by Defendant Bragg was "substantiated." Despite reaching this conclusion in September 2023, Defendant Board withheld the final report from Plaintiffs until July 2024, despite repeated requests having been made by Plaintiffs to see the report.

84.     On information and belief, no investigation was conducted into the misconduct of Defendants Brown, Boon and McGregor, and they have not been reprimanded in any way for their misconduct.

***The Policies and Practices of Defendants Board, Illinois Central and City of Chicago***

85.     The constitutional violations that resulted in Plaintiff AAB's injuries were not isolated events. To the contrary, the constitutional violations resulted from the policies and practices of Defendants Board, City of Chicago and Illinois Central.

***Defendants Board and Illinois Central***

86.     According to a lawsuit, on March 1, 2016, 9-year-old special education student N.C. was physically attacked by his special education teacher, Nikita Brown. Specifically, N.C.

was strangled in the classroom and then dragged by Brown headfirst down the stairs. Brown ultimately pled guilty to battery.

87.    According to a lawsuit, on September 28, 2018, 9-year-old special education student M.S. was physically attacked and choked by Dean of Students Christopher Thomas at South Shore Fine Arts Academy.

88.    According to a lawsuit, on February 18, 2019, 11-year-old special-needs student J.D. attempted suicide after experiencing repeated bullying at the hands of teachers and students at Evers Elementary and Woodson Elementary.

89.    According to a lawsuit, on January 12, 2022, Defendant Illinois Central forced a 14-year-old autistic student to get off the bus at an improper location that was approximately seventeen blocks from his home without any means of communication, forcing his parents to file a missing person report.

### *Defendant City of Chicago*

90.    The Chicago Police Department has a storied history of engaging in police misconduct, including the mistreatment of disabled persons, and a well-known policy and practice of not reporting it.

91.    In 2023, Defendant City of Chicago's Inspector General Deborah Wirtzburg published a report in which she found that "Chicago has a long and challenging history with misconduct in the police department and with the code of silence." The report detailed how the Chicago Police Department's "code of silence" remains in place and inhibits the reporting of police misconduct.

92.    In 2015, Chicago Police Department officers detained and handcuffed a disabled victim without probable cause while they searched his car

93.     In 2014, Chicago Police Department officers beat and pepper-sprayed a visually impaired victim who was walking with a cane and charged him with resisting arrest, only to later drop the charges.

94.     In 2014, Chicago Police Department officers hit a 70-year-old male victim suffering from cerebral palsy with such force that the victim defecated himself. The officers then handcuffed the victim and dragged him to their police car. The officers ultimately released the victim.

95.     In 2013, female Chicago Police Department officers aggressively searched a female with a missing left forearm because of a disability. Throughout the search, the police officers made derogatory and degrading comments about the victim's arm.

96.     In 2013, Chicago Police Department officers ordered a disabled person who could not move his right arm to show his hands. When he replied that he was disabled and could not comply, the officers aggressively pulled the victim from his car and attempted to handcuff him behind his back, causing the victim immense pain. The officers ultimately let the victim go.

***The Harm to Plaintiffs***

97.     Following the physical abuse of Plaintiff AAB on December 19, 2022, and his subsequent unlawful seizure and detention, Defendant Illinois Central informed Plaintiffs Karen D. and Michael A-B. that it would no longer transport Plaintiff AAB to and from school, causing Plaintiff AAB to believe he was to blame for the events of December 19, 2022, when in fact Defendant Board, Defendant Illinois Central and the Transportation Defendants were looking for a way to not have to transport Plaintiff AAB to school.

98.     As a result of the events alleged herein, Plaintiff AAB has developed an ongoing fear of school buses and becomes dysregulated and distressed when he sees them. This has

interfered with Plaintiff AAB's quality and enjoyment of life and has required him to delay going about his daily activities until it is certain that no school buses will be present.

99.     Defendants' misconduct continues to cause Plaintiffs emotional pain and suffering, humiliation, fear, anxiety, depression, despair and other psychological effects.

### CLAIMS FOR RELIEF

### COUNT ONE – 42 U.S.C. § 1983
### Deprivation of Liberty Without Probable Cause
### (Fourth and Fourteenth Amendments)
### (On behalf of Plaintiff AAB against Defendant Officers)

100.     Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

101.     In the manner described more fully above, the Defendant Officers, individually, jointly and in conspiracy with one another, as well as under color of law and within the scope of their employment, caused Plaintiff AAB to be unreasonably seized, detained and deprived of his liberty without probable cause, in violation of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

102.     In view of all of the circumstances surrounding the incident, a reasonable person in Plaintiff AAB's situation would have believed he was not free to leave: (a) the scene once the Defendant Officers handcuffed him; (b) the ambulance given that he was placed in the ambulance against his will and at least one Defendant Officer rode in the ambulance with him; and (c) the hospital given that he was brought there involuntarily, and at least one Defendant Officer remained at the hospital.

103.     At the time of the seizure and detention, the Defendant Officers did not have probable cause to believe that Plaintiff AAB was a danger to himself or others.

104.    The Defendant Officers' misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and with deliberate and reckless indifference to Plaintiff AAB's clearly established constitutional rights.

105.    As a result of the misconduct described in this Count, Plaintiff AAB suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

106.    The misconduct by the Defendant Officers described in this Count was undertaken pursuant to the policy and practice of Defendant City of Chicago, in the manner more fully described in Count Seven, below.

**COUNT TWO – 42 U.S.C. § 1983**
**Due Process**
**(Fourteenth Amendment)**
**(On behalf of Plaintiff AAB against the Individual Defendants)**

107.    Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

108.    In the manner described more fully above, the Individual Defendants, individually, jointly and in conspiracy with one another, as well as under color of law and within the scope of their employment, unreasonably seized, detained and deprived Plaintiff AAB of his liberty without probable cause, and caused Plaintiff AAB to be unreasonably seized, detained and deprived of his liberty without probable cause.

109.    In connection therewith, the Transportation Defendants intentionally and deliberately manufactured circumstances that resulted in them seeking the assistance of the Defendant Officers and then provided the Defendant Officers with false information regarding

Plaintiff AAB's behavior, knowing that as a helpless, non-verbal autistic child, Plaintiff AAB would not be able to contest the false statements or provide a true account of what occurred.

110.    Despite knowing that the information provided by the Transportation Defendants was false, the Defendant Officers intentionally and deliberately treated the false information as being true and, based thereon, seized, detained and deprived Plaintiff AAB of his liberty without probable cause.

111.    The Individual Defendants' misconduct directly resulted in the unjust and unreasonable deprivation of Plaintiff AAB's liberty guaranteed by the Fourteenth Amendment.

112.    The Individual Defendants' misconduct affirmatively created and increased the danger of Plaintiff AAB being deprived of his liberty and rendered Plaintiff AAB more vulnerable to being deprived of his liberty in a manner that shocks the conscience.

113.    The Individual Defendants' misconduct was the direct and proximate cause of the violations of Plaintiff AAB's constitutional rights and Plaintiff AAB's injuries, as alleged herein.

114.    As a result of the misconduct described in this Count, Plaintiff AAB suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

115.    The misconduct by the Individual Defendants described in this Count was undertaken pursuant to the policies and practices of Defendants Board, City of Chicago and Illinois Central in the manner more fully described in Counts Six through Eight, below.

## COUNT THREE – 42 U.S.C. § 1983
## Equal Protection
## (Fourteenth Amendment)
## (On behalf of Plaintiff AAB against the Individual Defendants)

116.     Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

117.     The Individual Defendants deprived Plaintiff AAB of the rights, privileges and immunities afforded to him by the Fourteenth Amendment to the United States Constitution.

118.     At all times, Plaintiff AAB had a known and visible disability – namely, he was a non-verbal, autistic minor.

119.     The Individual Defendants violated Plaintiff AAB's equal protection rights, as afforded to him by the Fourteenth Amendment to the United States Constitution, by intentionally discriminating against him with a nefarious discriminatory purpose based on his membership in a definable class – namely: (a) he is disabled; and (b) he is a class of one.

120.     The Individual Defendants had no rational basis for their discriminatory conduct – *i.e.*, the Individual Defendants had no rational basis for treating Plaintiff AAB differently based on his membership in the above-defined classes.

121.     Indeed, the Individual Defendants discriminated against Plaintiff AAB out of sheer vindictiveness for no rational reason.

122.     In contrast to the way in which the Transportation Defendants treated Plaintiff AAB, on information and belief, they did not: (a) physically abuse non-disabled students who exited their bus seats; (b) refuse to transport non-disabled students to school after the bus was already in route to the school; and (c) cause unlawful seizures and detentions of non-disabled students by providing false information to law enforcement.

123.    In contrast to the way in which the Defendant Officers treated Plaintiff AAB, on information and belief, they did not unlawfully seize and detain non-disabled students based on known false information where the non-disabled students had the ability to verbally contest the false information.

124.    As a result of the misconduct described in this Count, Plaintiff AAB suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

125.    The misconduct by the Individual Defendants described in this Count was undertaken pursuant to the policies and practices of Defendants Board, City of Chicago and Illinois Central, in the manner more fully described in Counts Six through Eight, below.

**COUNT FOUR – 42 U.S.C. § 1983**
**Failure to Intervene**
**(On behalf of Plaintiff AAB against the Individual Defendants)**

126.    Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

127.    In the manner described more fully above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Individual Defendants stood by without intervening to prevent the violations of Plaintiff AAB's constitutional rights, even though they had the opportunity to do so.

128.    The misconduct described in this paragraph was objectively unreasonable and undertaken intentionally and with malice and reckless indifference to Plaintiff AAB's constitutional rights.

129.     The Individual Defendants' actions and omissions in the face of a constitutional duty to intervene were the direct and proximate cause of the violations of Plaintiff AAB's constitutional rights and Plaintiff AAB's injuries, including but not limited to, loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

130.     The misconduct by the Individual Defendants described in this Count was undertaken pursuant to the policies and practices of Defendants Board, City of Chicago and Illinois Central, in the manner more fully described in Counts Six through Eight, below.

## COUNT FIVE – 42 U.S.C. § 1983
## Conspiracy to Deprive Constitutional Rights
## (On behalf of Plaintiff AAB against the Individual Defendants)

131.     Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

132.     Prior to Plaintiff AAB being harmed, the Individual Defendants agreed among themselves and with other individuals to deprive Plaintiff AAB of his constitutional rights, guaranteed by the Fourth and Fourteenth Amendments, as described in the various paragraphs of this Complaint.

133.     In so doing, these coconspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these coconspirators agreed amongst themselves to protect one another from liability for depriving Plaintiff AAB of these rights.

134.     In furtherance of the conspiracy, each of the coconspirators engaged in and facilitated numerous overt acts – including but not limited to those acts alleged above – and was an otherwise willful participant in joint activity.

24

135.    Each of the Individual Defendants was a voluntary participant in the common venture to deprive Plaintiff AAB of his Fourth and Fourteenth Amendment rights. Each of the Individual Defendants personally participated in the unconstitutional conduct or acted jointly with other Individual Defendants who participated or acquiesced in the unconstitutional conduct, or was at least aware of the conduct or plan, and failed to take action to prevent such conduct from occurring.

136.    As a direct and proximate result of the illicit prior agreement and actions in furtherance of the conspiracy referenced above, Plaintiff AAB's rights were violated, and he suffered injuries, including but not limited to, loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

137.    The misconduct by the Individual Defendants described in this Count was undertaken pursuant to the policies and practices of Defendants Board, City of Chicago and Illinois Central, in the manner more fully described in Counts Six through Eight, below.

**COUNT SIX – 42 U.S.C. § 1983**
**Policy and Practice Claim Against Defendant Board**
**(On behalf of Plaintiff AAB against Defendant Board)**

138.    Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

139.    As described more fully herein, Defendant Board is liable for the violations of Plaintiff AAB's constitutional rights by virtue of its policies, which included policies to: (a) discriminate against disabled students; (b) cover up and attempt to cover up misconduct; and (c) not properly train, supervise, monitor and discipline staff.

25

140.    The actions of the Transportation Defendants were undertaken pursuant to policies, practices and customs of Defendant Board, which were approved, encouraged and/or ratified by policymakers for Defendant Board with final policymaking authority.

141.    One or more policies, practices and customs described in this Count was maintained and implemented by Defendant Board with deliberate indifference to Plaintiff AAB's constitutional rights and was a moving force behind the violations of those rights.

142.    As a direct and proximate result of Defendant Board's actions and inactions, Plaintiff AAB's constitutional rights were violated, and he suffered injuries and damages, as set forth in this Complaint.

**COUNT SEVEN – 42 U.S.C. § 1983**
**Policy and Practice Claim Against Defendant City of Chicago**
**(On behalf of Plaintiff AAB against Defendant City of Chicago)**

143.    Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

144.    As described more fully herein, Defendant City of Chicago is liable for the violations of Plaintiff AAB's constitutional rights by virtue of its policies, which included policies to: (a) discriminate against disabled persons; (b) cover up and attempt to cover up misconduct; and (c) not properly train, supervise, monitor and discipline staff.

145.    The actions of the Defendant Officers were undertaken pursuant to policies, practices and customs of Defendant City of Chicago, which were approved, encouraged and/or ratified by policymakers for Defendant City of Chicago with final policymaking authority.

146.     One or more policies, practices and customs described in this Count was maintained and implemented by Defendant City of Chicago with deliberate indifference to Plaintiff AAB's constitutional rights and was a moving force behind the violations of those rights.

147.     As a direct and proximate result of Defendant City of Chicago's actions and inactions, Plaintiff AAB's constitutional rights were violated, and he suffered injuries and damages, as set forth in this Complaint.

### COUNT EIGHT – 42 U.S.C. § 1983
### Policy and Practice Claim Against Defendant Illinois Central
### (On behalf of Plaintiff AAB against Defendant Illinois Central)

148.     Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

149.     As described more fully herein, Defendant Illinois Central is liable for the violations of Plaintiff AAB's constitutional rights by virtue of its policies, which included policies to: (a) discriminate against disabled students; (b) cover up and attempt to cover up misconduct; and (c) not properly train, supervise, monitor and discipline staff.

150.     The actions of the Illinois Central Individual Defendants were undertaken pursuant to policies, practices and customs of Defendant Illinois Central (along with the policies, practices and customers of Defendant Board, as alleged above), which were approved, encouraged and/or ratified by policymakers for Defendant Illinois Central with final policymaking authority.

151.     One or more policies, practices and customs described in this Count was maintained and implemented by Defendant Illinois Central with deliberate indifference to Plaintiff AAB's constitutional rights and was a moving force behind the violations of those rights.

27

152.    As a direct and proximate result of Defendant Illinois Central's actions and inactions, Plaintiff AAB's constitutional rights were violated, and he suffered injuries and damages, as set forth in this Complaint.

### COUNT NINE – TITLE II OF THE AMERICANS WITH DISABILITIES ACT
#### (On behalf of Plaintiff AAB against Defendants Board and Illinois Central)

153.    Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

154.    The actions of Defendant Board and Defendants Illinois Central, in its capacity as Defendant Board's agent, as set forth herein, constitute a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*

155.    Plaintiff AAB is a "qualified individual with a disability," as defined in 42 U.S.C. § 12131(2).

156.    Defendant Board is a "public entity," as defined in 42 U.S.C. § 12131(1), and receives federal financial assistance so as to be covered by the mandate of the ADA.

157.    At relevant times, Defendant Board, through its agent Defendant Illinois Central, provided transportation services to disabled students, which constituted a program, services and activity of Defendant Board under the ADA.

158.    As alleged herein, Defendants Board and Illinois Central denied Plaintiff AAB the benefit of the above-described transportation services and subjected Plaintiff AAB to discrimination by reason of Plaintiff AAB's disability.

159.    Moreover, Defendants Board and Illinois Central failed to adequately accommodate Plaintiff AAB's disability or make necessary modifications in Plaintiff AAB's environment, commensurate with Plaintiff AAB's unique and individualized needs.

160. Defendants Board and Illinois Central violated Plaintiff AAB's rights under the ADA.

161. The harassment alleged herein was sufficiently severe and pervasive that it altered the conditions of Plaintiff AAB's education and created an abusive environment.

162. As a direct and proximate consequence of the conduct of Defendants Board and Illinois Central, Plaintiff AAB suffered injuries, including but not limited to, violations of his constitutional rights, loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

163. Defendant Board is vicariously liable for the misconduct of Defendant Illinois Central and the Illinois Central Individual Defendants.

### COUNT TEN – SECTION 504 OF THE REHABILITATION ACT
#### (On behalf of Plaintiff AAB against Defendants Board and Illinois Central)

164. Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 and 157-159 of this Complaint as though fully set forth herein.

165. Plaintiff AAB is a disabled person under § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("§ 504"), who was entitled to a free appropriate public education, including transportation services for disabled students.

166. Defendants Board and Illinois Central denied Plaintiff AAB the benefits of transportation services solely because of his disability.

167. Defendants Board and Illinois Central violated Plaintiff AAB's rights under § 504.

168. The harassment alleged herein was sufficiently severe and pervasive that it altered the conditions of Plaintiff AAB's education and created an abusive environment.

169.     As a direct and proximate consequence of the conduct of Defendants Board and Illinois Central, Plaintiff AAB suffered injuries, including but not limited to, violations of his constitutional rights, loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

170.     Defendant Board is vicariously liable for the misconduct of Defendant Illinois Central and the Illinois Central Individual Defendants.

**COUNT ELEVEN – State Law Claim**
**Intentional Infliction of Emotional Distress**
**(On behalf of all Plaintiffs against the Individual Defendants)**

171.     Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

172.     The acts and conduct of the Individual Defendants were extreme and outrageous. The Individual Defendants' actions were rooted in an abuse of power and authority, and they were undertaken with an intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiffs, as alleged more fully above. The Individual Defendants' actions were also willful and wanton.

173.     As a direct and proximate result of the actions of the Individual Defendants, each Plaintiff suffered and continues to suffer severe emotional distress.

174.     Defendant Board is vicariously liable for the misconduct of Defendant Illinois Central and the Illinois Central Individual Defendants.

**COUNT TWELVE– State Law Claim**
**Willful and Wanton Supervision**
**(On behalf of Plaintiff AAB against Defendants Board, Illinois Central and McGregor)**

175.     Plaintiffs Karen D. and Michael A-B., as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

176.     At relevant times, Defendants Board, Illinois Central and McGregor owed a duty to Plaintiff AAB, including but not limited to:

a.     Providing for students' safety, including safeguarding students from harmful conduct that may be undertaken by bus drivers and aides;

b.     Exercising reasonable care in supervising employees and agents to ensure they did not pose a danger or create an unreasonable risk of harm to students;

c.     Providing students, including those with disabilities, with transportation services in a non-hostile environment; and

d.     Preventing discrimination on the basis of disability.

177.     As alleged herein, the actions of Defendants Board, Illinois Central and McGregor were intentional, willful and wanton and committed with reckless disregard for Plaintiff AAB's rights.

178.     The actions of Defendant Board, Illinois Central and McGregor were objectively unreasonable under the circumstances.

179.     As a direct and proximate consequence of the conduct of Defendants Board, Illinois Central and McGregor, Plaintiff AAB suffered injuries, including but not limited to, violations of his constitutional rights, loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

180.    Defendant Board is vicariously liable for the misconduct of Defendant Illinois Central and the Illinois Central Individual Defendants.

**COUNT THIRTEEN– State Law Claim**
**Civil Conspiracy**
**(On behalf of all Plaintiffs against the Individual Defendants)**

181.    Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

182.    As more fully described in the preceding paragraphs, the Individual Defendants acting in concert with other known and unknown conspirators, conspired by concerted action to intentionally inflict severe emotional distress on Plaintiffs AAB, Karen D. and Michael A-B.

183.    In furtherance of the conspiracy, the Individual Defendants committed the overt acts set forth above.

184.    The misconduct described in this Count was undertaken intentionally, with malice, willfulness and reckless indifference to the rights of others. The Individual Defendants' actions were also willful and wanton.

185.    As a direct and proximate result of the above-described conduct of the Individual Defendants, Plaintiffs suffered injuries of an emotional and permanent nature, including but not limited to, severe emotional distress and anguish, as alleged more fully above.

186.    Defendant Board is vicariously liable for the misconduct of Defendant Illinois Central and the Illinois Central Individual Defendants.

**COUNT FOURTEEN– State Law Claim**
*Respondeat Superior*
**(On behalf of all Plaintiffs against Defendant Board)**

187.    Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

188.    In committing the acts alleged in the preceding paragraphs each of the Transportation Defendants was a member of, and agent of, Defendant Board, acting at all relevant times within the scope of his or her employment or agency.

189.    Defendant Board is liable for all torts committed by its agents.

**COUNT FIFTEEN– State Law Claim**
*Respondeat Superior*
**(On behalf of all Plaintiffs against Defendant City of Chicago)**

190.    Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

191.    In committing the acts alleged in the preceding paragraphs each of the Defendant Officers was a member of, and agent of, Defendant City of Chicago, acting at all relevant times within the scope of his or her employment.

192.    Defendant City of Chicago is liable for all torts committed by its agents.

**COUNT SIXTEEN– State Law Claim**
*Respondeat Superior*
**(On behalf of all Plaintiffs against Defendant Illinois Central)**

193.    Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

33

194.    In committing the acts alleged in the preceding paragraphs each of the Illinois Central Individual Defendants was a member of, and agent of, Defendant Illinois Central, acting at all relevant times within the scope of his or her employment.

195.    Defendant Illinois Central is liable for all torts committed by its agents.

**COUNT SEVENTEEN– State Law Claim**
**Indemnification**
**(On behalf of all Plaintiffs against Defendant Board)**

196.    Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

197.    Illinois law – 745 Ill. Comp. Stat. 10/9-102 – provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

198.    Defendant McGregor is or was an employee of Defendant Board, who acted within the scope of her employment in committing the misconduct described herein. Therefore, Defendant Board is responsible for any judgment entered against Defendant McGregor.

**COUNT EIGHTEEN– State Law Claim**
**Indemnification**
**(On behalf of all Plaintiffs against Defendant City of Chicago)**

199.    Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as though fully set forth herein.

200.    Illinois law – 745 Ill. Comp. Stat. 10/9-102 – provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

201.     The Defendant Officers are or were employees of Defendant City of Chicago, who acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is responsible for any judgment entered against the Defendant Officers.

WHEREFORE, Plaintiffs KAREN D. and MICHAEL A-B., individually and as co-plenary guardians of the person of Plaintiff AAB, respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendants BOARD OF EDUCATION OF THE CITY OF CHICAGO; CITY OF CHICAGO; ILLINOIS CENTRAL SCHOOL BUS, LLC; SHERA BRAGG; JORDAN BROWN; KINISHA BOON; SHAVONA McGREGOR; HERIBERTO ARZATE (Star No. 8164); EZEQUIEL BAHENA (Star No. 14543); JACK HIGHTOWER (Star No. 11003); JEANNE MENDEZ (Star No. 10563); BRIAN GUNNELL (Star No. 2020); and ASA PETERSON (Star No. Unknown), awarding: (a) compensatory damages, attorneys' fees and costs against each Defendant, jointly and severally; (b) punitive damages against each of the Individual Defendants because they acted willfully, wantonly and/or maliciously; (c) pre- and post-judgment interest; and (d) any other relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs Karen D. and Michael A-B., individually and as plenary co-guardians of the person of Plaintiff AAB, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: November 27, 2024

Respectfully submitted,

KAREN D. and MICHAEL A-B., individually and as plenary co-guardians of the person of Plaintiff AAB,

By:    /s/ Scott R. Drury
       SCOTT R. DRURY
       *Counsel for Plaintiffs*

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, IL 60040
(312) 358-8225
scott@drurylegal.com